UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZHANG, | No.: 15-cv-01678-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| DAJON DENARD LOTT, | |
| Defendant. | |

This matter was removed from the Sacramento County Superior Court on August 7, 2015.  (ECF No. 1.)  Concurrent with the removal, defendant, proceeding pro se, filed a motion to proceed in forma pauperis (IFP).  (ECF No. 2.)  As explained below, the matter is REMANDED to the Superior Court and the IFP motion is DENIED as MOOT.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court.  28 U.S.C. § 1441(a).  There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  However, a federal district court may remand a case *sua sponte* where a defendant has not established federal jurisdiction.  *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).  "If at any time before
/////

1

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, the court finds the case should be remanded to the Superior Court. The form complaint filed in the Superior Court is for unlawful detainer only. (ECF No. 1.) However, defendant grounds the removal on the court's federal question jurisdiction, arguing the complaint "intentionally fails to allege compliance with the [Protecting Tenants at Foreclosure Act] . . . ." (*Id.*) That statute is not implicated by plaintiff's complaint. Plaintiff is the master of the complaint and may "avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Hence, defendant's assertion is best characterized as a defense or a potential counterclaim; neither of which can be considered in evaluating whether federal question jurisdiction exists. *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles*, 410 F.3d at 1075 ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326–27 (5th Cir. 1998); *Takeda v. Nw. Nat'l Life Ins Co.*, 765 F.2d 815, 822 (9th Cir. 1985). Plaintiff's "state-based unlawful detainer claim does not, as [d]efendant urges, become a federal cause of action merely by [p]laintiff's reference to a federal statute." *SD Coastline LP v. Buck*, No. 10-2108, 2010 WL 4809661, at *1 (S.D. Cal. Nov.19, 2010) (unpublished).

Accordingly, because plaintiff's unlawful detainer complaint does not itself provide a basis for federal question jurisdiction and defendant's potential defenses or counterclaims cannot provide the basis for removal jurisdiction here, this court cannot exercise subject matter jurisdiction over plaintiff's single state-law claim for unlawful detainer. This case is REMANDED to the Sacramento County Superior Court. Defendant's IFP motion is DENIED as MOOT.

IT IS SO ORDERED.

DATED: August 10, 2015.

_____
UNITED STATES DISTRICT JUDGE